THE STATE OF OHIO, APPELLEE, *v.* NEUVIRTH, APPELLANT.

(No. 1431—Decided September 12, 1988.)

*Richard P. Ziegler,* assistant prosecuting attorney, for appellee.

*John F. Norton,* for appellant.

CHRISTLEY, J. Tyrone L. Neuvirth, appellant, received a validated temporary permit to operate a motorcycle. The operator restrictions noted on the permit were: (1) daylight hours only, (2) no riders, (3) not valid on congested roads and interstate highways, and (4) must wear approved protective helmet and use eye protection. (R.C. 4507.05.)

Appelllant received a ticket for the following offense:

"Did operate a motorcycle with no motorcycle endorsement on a highway to wit: violated restrictions of temp M/C license (passenger and at night) in violation of Section 4507.02(A) O.R.C."

Appellant moved the Chardon Municipal Court to dismiss the charge against him. The trial court conducted a hearing on appellant's motion. The trial court entered judgment denying appellant's motion to dismiss and set the case for pretrial and trial. In a hearing before the trial court, appellant changed his previously entered plea of "not guilty" to "no contest" to violating R.C. 4507.02. The trial court found appellant guilty and fined him $100 and costs. Appellant timely filed a notice of appeal with the following assignment of error:

"The trial court erred to the prejudice of defendant in overruling defendant's motion to dismiss and finding him guilty of criminal conduct on facts which do not constitute a crime under the law of Ohio."

Appellant was charged with a violation of R.C. 4507.02(A), which reads in pertinent part as follows:

"(3) *No person,* except those expressly exempted under sections 4507.03, 4507.04, and 4507.05 of the Revised Code, *shall operate any motorcyle upon a highway or any public or private property used by the public for purposes of vehicular travel or parking in this state unless the person has a valid license as a motorcycle operator * * *."* (Emphasis added.)

R.C. 4507.05 reads in pertinent part as follows:

"* * * *The registrar of motor vehicles, or the deputy registrar, upon receiving from any person an application for a temporary instruction permit to operate a motorcycle or motorized bicycle, may issue such a permit entitling the applicant, while having such permit in his immediate possession, to drive a motorcycle under restrictions determined by the registrar of motor vehicles. * * **

"* * * *The registrar may promulgate and enforce rules governing the use of such instruction permits."* (Emphasis added.)

Appellant asserts that the trial court reasoned that a violation of a restriction imposed by the Registrar of Motor Vehicles on a temporary learner's license is tantamount to operating a motorcycle without any license at all. In its entry denying appellant's motion to dismiss, the trial court stated:

"The argument evolves as to whether defendant is in violation of O.R.C. Section 4507.02 or O.R.C. Section 4507.05. *O.R.C. Section 4507.05 is instructory and creates the authority under which a temporary permit may issue and the conditions for which it may be used. It is logical that a violation of those restrictions invalid[ates] the permit.* But for compliance with such restrictions, defendant lacks such a permit or license to operate; just as a temporary instruction permit for an operator's license requires a licensed driver accompanying such learner. A reading of the Temporary Permit

clearly indicates the same." (Emphasis added.)

R.C. 4507.99 provides for penalties for violation of R.C. 4507.02 as follows:

"(B) Except as provided in division (A) of this section and unless another penalty is provided by the laws of this state, whoever violates any provision of sections 4507.01 to 4507.37 of the Revised Code is guilty of a misdemeanor of the first degree."

Appellant was convicted of a first degree misdemeanor and fined $100 plus costs. Appellant argues that the penalty for violation of a license restriction is not governed by R.C. 4507.99, but rather is governed by R.C. 4507.14, which reads as follows:

"The registrar of motor vehicles upon issuing an operator's or chauffeur's license, *a motorcycle operator's endorsement,* an operator's or chauffeur's license renewal, or the renewal of any other license issued under Chapter 4507. of the Revised Code, may, whenever good cause appears, impose restrictions suitable to the licensee's driving ability with respect to the type of or special mechanical control devices required on a motor vehicle which the licensee may operate, or such other restrictions applicable to the licensee as the registrar determines to be necessary.

"When issuing licenses to a deaf person or to persons with impaired hearing, the registrar shall require that motor vehicles operated by such persons be equipped with two rear vision mirrors, one outside and one inside such motor vehicles.

"The registrar may either issue a special restricted license or may set forth such restrictions upon the usual license form.   .

"*The registrar, upon receiving satisfactory evidence of any violation of the restrictions of such license, may suspend or revoke the same.*" (Emphasis added.)

Appellant cites *Dayton* v. *Anthony* (M.C. 1979), 14 O.O. 3d 120, at the headnote, wherein the Dayton Municipal Court held:

"It is not a criminal offense to operate a motor vehicle in violation of license restrictions imposed by the registrar under R.C. § 4507.14. *The proper sanction for such conduct is a license suspension imposed by the registrar.*" (Emphasis added.)

However, in its judgment entry denying appellant's motion to dismiss, the trial court found that:

"Defendant's argument that a sanction is provided for by suspension by the registrar is not applicable. The restrictions applied toward defendant are not those provided for in O.R.C. Section 4507.14. O.R.C. Section 4507.14 applies to the *condition of an individual as operator,* while O.R.C. Section 4507.05 applies to a *class of operators.* Therefore, the case of *Dayton* v. *Anthony,* [14 O.O. 3d 120], is not applicable." (Emphasis added.)

An inspection of R.C. 4507.14 shows that the trial court is correct on this point. R.C. 4507.14 apparently governs the licensing of individuals who have *physical* impairments. In fact, *Dayton, supra,* involved an individual who was found driving without the corrective lenses required by the restrictions on her license.

However, there is no language in the Traffic Code which specifically prohibits driving in violation of restrictions imposed by the registrar on a class of operators. See *Dayton, supra,* at 121. R.C. 2901.03 states:

"(A) No conduct constitutes a criminal offense against the state unless it is defined as an offense in the Revised Code.

"(B) An offense is defined when one or more sections of the Revised Code state a positive prohibition or en-

join a specific duty, and provide a penalty for violation of such prohibition or failure to meet such duty.

"(C) This section does not affect any power of the general assembly under section 8 of Article II, Ohio Constitution, nor does it affect the power of a court to punish for contempt or to employ any sanction authorized by law to enforce an order, civil judgment, or decree."

Furthermore, there is no Ohio criminal statute which provides that violation of restrictions on a permit results in an invalidation of the permit. It does not follow that one may be found guilty of driving *without* a permit simply because one has violated restrictions imposed upon that permit.

R.C. 2901.04(A) provides that "[s]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

Appellant's assignment of error is well-taken.

We, therefore, reverse the judgment of the trial court and enter final judgment for appellant.

*Judgment reversed.*

FORD, P.J., and COOK, J., concur.